UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 00-6090-CR-ZLOCH

UNITED STATES OF AMERICA )
)
)
)
v. )
)
BERNAL SOTO, )
)
    Defendant. )
_____)

GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   The government is unaware of any written or recorded statements made by the defendants.

          2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

              The following is the substance of an oral statement made by the defendant before or after arrest in

response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: Soto admitted that cocaine was in the gas tank of the Bronco. He stated his airline ticket was paid for by Mario Alvarez. Soto also stated that he and Guzman arrived together into Miami International airport and that they were picked up by Farradaz at the airport. Soto admitted his guilt and implicated Guzman, Farradaz and Alvarez as members of the smuggling organization.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendants, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394. Please call the undersigned to set up a date and time that is convenient to all parties.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office. Thirty-four (34) packages of a white powdery substance weighing approximately 86 pounds or 39 kilograms were seized from the gas tank of a Ford Bronco which was being imported from Costa Rica to Port Everglades, Florida. The white powdery substance field tested positive for the presence of cocaine.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). The government may introduce under Rule 404(b) evidence underlying the importation of 51 kilograms of cocaine from Costa Rica on April 2, 2000. On or about April 2, 2000, a Dodge Ramcharger arrived at Port Everglades from Port Limon, Costa Rica. Hidden inside the gas tank of the vehicle was 112 pounds or 51 kilograms of cocaine. The vehicle was being shipped by Omar Campos into the United States. Campos and Mario Alvarez who drove Campos to the shipyard were arrested. When Soto and Guzman were arrested, they were at Mario Alvarez's home.

3

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L. The vehicles used in the commission of this offense are not in the government's possession. Photographs of those vehicles are available at the discovery conference.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1. The quantity and quality of the cocaine seized from the Ford Bronco and the qualifications of the Government's chemist who is analyzing the cocaine which was seized.

4

    P.    At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time: 4:30 pm - 11:00 p.m
    Date: March 30, 2000
    Place: King Ocean Container Yard, (Port Everglades) and 1220 SW 99th Avenue, Miami, Florida (residence of Mario Alvarez)

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
Laurence M. Bardfeld
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

cc: Special Agent James Houk, Customs

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand delivered this 26th day of April, 2000, to: Jeffrey Voluck, Esquire, 440 South Andrews Avenue, Fort Lauderdale, Fl 33301.

                                          Laurence M. Bardfeld
                                          Assistant United States Attorney